1  Karen O. Frankudakis, Bar No. 137147
   kof@paynefears.com
2  Erik M. Andersen, Bar No. 220513
   ema@paynefears.com
3  PAYNE & FEARS LLP
   4 Park Plaza, Suite 1100
4  Irvine, CA 92614
   Telephone: (949) 851-1100
5  Facsimile: (949) 851-1212
   E-Mail: kof@paynefears.com
6         ema@paynefears.com                    NOTE CHANGES MADE BY THE COURT

7  Attorneys for Defendants
   BA MERCHANT SERVICES, LLC and
8  BANK OF AMERICA CORP.

9                  UNITED STATES DISTRICT COURT

10            FOR THE CENTRAL DISTRICT OF CALIFORNIA

11  MARIA NICOTERO,                    CASE NO.  CV07-6014-CAS  (JCRx)

12           Plaintiff,               ORDER GRANTING PROTECTIVE ORDER
                                      REGARDING CONFIDENTIAL
13       v.                           INFORMATION

14  BANK OF AMERICA CORPORATION, a     (As Modified)
    Delaware corporation; BA
15  MERCHANT SERVICES, LLC, an Ohio
    Limited Liability Corporation;
16  and DOES 1 through 50, inclusive

17           Defendants.

18  _____

19                                     NOTE CHANGES MADE BY THE COURT

20

21

22

23

24

25

26

27

28

1    **PROTECTIVE ORDER**

2              Good cause appearing, the Court hereby GRANTS the

3    parties' joint stipulation for a protective order, with the terms

4    attached hereto as Exhibit "1."

5

6

7    **IT IS SO ORDERED:**

8

9    DATED: _May 1____, 2008      By: _____

10                                    JOHN C. RAYBURN, JR.
                                      UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

All terms and conditions set forth herein are expressly limited to the discovery phase of this litigation, as the Magistrate Judge who has signed this Stipulation and Order has authority only over the discovery phase of the litigation. The terms and conditions set forth herein do not

I. **DEFINITIONS** bind or limit the District Judge as to what material is discoverable during the pretrial, trial, and post-trial phases of this litigation.

For purposes of this Order, the following definitions shall apply:

a. "Party" means every party to this action, as well as any third-party, and every director, officer, employee and agent of every party or third-party.

b. "CONFIDENTIAL" is a designation that any Party may apply to information which it believes in good faith to constitute, contain, reveal or reflect medical records and/or trade secrets or other confidential research, development, commercial or personal information relating to its business or which was disclosed to it in confidence by any third-party, the disclosure of which to the general public could adversely prejudice that Party.

c. "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is a designation that any Party may apply to information which it believes in good faith to constitute, contain, reveal or reflect trade secrets or other confidential research, development, commercial or personal information relating to its business or which was disclosed to it in confidence by any third-party, and which is so sensitive that disclosure even under a protective order to another Party would create an undue risk to the

1   disclosing Party.  Such information includes information

2   regarding specific customers in this action.

3

4        d.    "Confidential Information" means any information

5   which is properly designated "CONFIDENTIAL" or "CONFIDENTIAL –

6   ATTORNEYS' EYES ONLY" as described above.

7

8        e.    Exceptions to confidentiality status.  Information

9   will not be deemed "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'

10  EYES ONLY," and the Parties shall use reasonable efforts to

11  ensure that information is not designated as such, if the content

12  or substance thereof:

13             1.    is at the time of disclosure, or

14             subsequently becomes through no wrongful act or failure

15             to act on the part of the receiving Party, generally

16             available to the relevant public; or

17             2.    is disclosed to the receiving Party by a

18             third-party without breach of an obligation of

19             confidence.

20

21        f.    "Designating Party" means any Party disclosing

22  during this action information which is designated "CONFIDENTIAL"

23  or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by said Party.

24

25        g.    "Counsel of Record" includes the following law

26  firms and any law firms retained by a third-party in connection

27  with disclosure of Confidential Information hereunder, including

28  all attorneys, paraprofessionals, clerks, and secretaries

4

employed by such law firms:

          1.    Payne & Fears LLP

          2.    Appleton, Blady & Magnanimo

## II.    TERMS OF THE PROTECTIVE ORDER

        1.  **Materials Subject to Designation.**  All originals or copies, of transcripts of depositions (regardless of medium of transcription), exhibits, answers to interrogatories and requests for admissions, and all documents, materials, tangible things and information obtained by inspection of files or facilities, initial Rule 26(a)(1) disclosures or production of documents and things, or otherwise obtained pursuant to this action, may be designated by the Party producing, providing, or disclosing these materials in conformity with the definitions set forth above.

        2.  **Manner of Designating Confidential Information.**  A Party shall designate documents containing Confidential Information by placing a legend on each page of any document that the Party wishes to protect against disclosure or use, or in the case of computer disks or tape, on the cover or container of the disk or tape.  This legend shall state "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and documents so designated shall be treated according to their designation, as set forth in Paragraph 3 below.  A designation of Confidential Information as to anything for which inspection or sampling is allowed shall be made by placing a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend on the thing or container within which it is

1    stored, or by some other means of designation agreed upon by the
2    Parties.  All documents and things shall be marked prior to the
3    provision of physical copies of these documents and things to
4    counsel for the receiving Party.

5

6              3.   **Treatment of Confidential Information**.

7                   a.  "CONFIDENTIAL" Designation.   Information
8         designated as "CONFIDENTIAL"  and all information derived
9         from the information so designated (excluding such
10        information as is derived lawfully from an independent
11        source without reference to or reliance on the designated
12        information) shall not be disclosed, given, shown, made
13        available or communicated in any way to any person or entity
14        other than:  Counsel of Record; Plaintiff or Defendants; the
15        Designating Party as per Paragraph 11 below; authors and
16        recipients, as per Paragraph 12 below; deponents and
17        designated persons testifying during the course of
18        depositions taken in the action as provided by Paragraph 8
19        below; the persons to whom disclosure is permitted under the
20        terms of Paragraphs 4, 5 and 9 below; and officers,
21        directors, attorneys, and managers of the Parties who are
22        working directly on this litigation, to whom it is necessary
23        that the information be disclosed for the purposes of this
24        litigation, and who have-executed and delivered to Counsel
25        of Record making the disclosure the Confidentiality
26        Agreement in the form attached to this Order as Exhibit A
27        Information designated as "CONFIDENTIAL" and all information
28        derived from the information so designated (excluding such

                                 6

1  information as is derived lawfully from an independent
2  source without reference to or reliance on the designated
3  information) shall be used only for the purposes of this
4  litigation and shall not be used for any other purpose
5  whatsoever.

6      b. "CONFIDENTIAL – ATTORNEYS' EYES ONLY"
7  Designation. Information designated as "CONFIDENTIAL –
8  ATTORNEYS' EYES ONLY" and all information derived from the
9  information so designated (excluding such information as is
10 derived lawfully from an independent source without
11 reference to or reliance on the designated information)
12 shall not be disclosed, given, shown, made available or
13 communicated in any way to any person or entity other than:
14 Counsel of Record for a Party; the Designating Party as per
15 Paragraph 11 below; authors and recipients, as per Paragraph
16 12 below; deponents and representatives of the Designating
17 Party or for whom a sufficient foundation of prior knowledge
18 of the Confidential Information has been previously
19 established during the course of depositions taken in the
20 action as provided by Paragraph 8 below; counsel for a
21 deponent (other than Counsel of Record), so long as such
22 counsel has previously executed the Confidential Agreement
23 attached hereto as Exhibit A; and the persons to whom
24 disclosure is permitted under the terms of Paragraphs 4 and
25 5 below. Information designated as "CONFIDENTIAL –
26 ATTORNEYS' EYES ONLY" and all information derived from the
27 information so designated (excluding such information as is
28 derived lawfully from an independent source without

7

1  reference to or reliance on the designated information)
2  shall be used only for the purposes of this litigation and
3  shall not be used for any other purpose whatsoever.

4

5       **4.   Outside Experts and Retained Consultants.**
6  Information designated as "CONFIDENTIAL" or "CONFIDENTIAL –
7  ATTORNEYS' EYES ONLY" may also be shown to outside experts or
8  consultants, together with their clerical personnel, who are
9  retained by a Party in connection with preparation for trial or
10 for trial in this action, provided that the outside expert or
11 consultant has been properly designated or retained pursuant to
12 Federal Rules of Civil Procedure Rule 26(a)(2).

13

14      **5.   Request for Additional Disclosure.**  If any Counsel
15 of Record desires to give, show, make available or communicate to
16 any person apart from those permitted under Paragraphs 3 and 4
17 above any information designated as "CONFIDENTIAL" or
18 "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that counsel shall first
19 obtain the written consent of the Designating Party through such
20 Party's Counsel of Record or, if written consent is withheld, a
21 court order authorizing such disclosure.  Each person to whom the
22 Confidential Information is to be given, shown, made available or
23 communicated pursuant to this paragraph must first execute a
24 written Confidentiality Agreement, in the form attached to this
25 Order as Exhibit A, a copy of which shall be sent to the
26 Designating Party prior to any disclosure.  Only after all of the
27 foregoing conditions have been fully satisfied may the
28 Confidential Information be given, shown, made available or

8

communicated to any person other than those permitted under Paragraphs 3 and 4 above.  Nothing contained herein shall be construed to restrict or limit the rights of the Parties in another action to conduct discovery or the subpoena power of another court.

6.  **Record of Disclosure.**  Any Counsel of Record making any disclosure to any person required to sign a Confidentiality Agreement under the terms of this Order shall retain the original of the Confidentiality Agreement signed by such person.  The original Confidentiality Agreements shall be made available for inspection and copying by any opposing Counsel of Record upon written request.

7.  **Maintenance of Designated Information.**  Counsel of Record who have received Confidential Information that is provided pursuant to this Order shall maintain such Confidential Information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information, so as to prevent the unauthorized or inadvertent disclosure of any of it.

8.  **Manner of Designating Depositions.**  Should Counsel of Record for any party introduce or use any Confidential Information in a deposition, or believe that any question to a witness at deposition upon oral examination will disclose Confidential Information, or that answers to any question will require such disclosure, or if documents designated as containing

1   Confidential Information will be used as exhibits during
      conducted during the discovery phase of the litigation
2   examination, Counsel of Record introducing or using such

3   Confidential Information shall have a duty to identify on the

4   record that he or she is asking questions concerning designated

5   Confidential information or is utilizing documents containing

6   Confidential Information, and any related testimony shall be

7   equally subject to this Stipulated Protective Order, and subject

8   to disclosure only under the terms and provisions set forth in

9   this Stipulated Protective Order.  Unless otherwise ordered by

10  this Court, the Designating Party or the receiving Party shall

11  have the right to have all persons, except the person testifying

12  in the deposition and his or her counsel, Counsel of Record for

13  the Parties, the court reporter, and such other persons as are

14  permitted under the terms of this Order to have access to

15  Confidential Information, excluded from a deposition during the

16  taking of the testimony designated pursuant to this Order.

17

18          **9.   Court Reporters.**  Any court reporter shall be

19  entitled to hear Confidential Information and receive and handle

20  exhibits containing Confidential Information as necessary or

21  appropriate for the performance of his or her duties.

22

23          **10.   Filing Documents with the Court.**  If any papers to

24  be filed with the Court contain Confidential Information, the

25  proposed filing shall comply with Local Rule 79-5.1 and shall be

26  accompanied by an application to file the papers or the portion

27  thereof containing the Confidential Information (if such portion

28  is segregable) under seal, and the application shall be directed

1   to the Judge to whom the papers are directed.  Upon default of
2   the filing or lodging Party properly to file or lodge documents
3   containing Confidential Information in accordance with this
4   Order, any Party who in good faith believes that lodging or
5   filing under seal is required may, within ten (10) business days
6   of learning of the defective filing or lodging, file an
7   application with the Court to treat it as having been filed or
8   lodged under seal.  Notice of such request shall be given to all
9   Parties.  Nothing in this provision relieves a Party of liability
10   for damages caused by failure to properly file or lodge documents
11   containing Confidential Information under seal.

13   **11.  No Effects on Party's Own Use.**  Nothing contained
14   in this Order shall affect any right of a Party to disclose or
15   use any information designated and produced by it as
16   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or the
17   right of any party to show such information to officers,
18   directors, employees, agents, partners, or attorneys of the
19   Designating Party.

21   **12.  No Effect on Disclosure to Author or Addressees.**
22   Nothing contained in this Order shall prevent, limit or otherwise
23   restrict any Party from disclosing any information designated
24   "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any
25   author or prior recipient of a document containing the
26   information.

1        **13.   Legal Effect of Confidentiality Designations.**

2    Neither the designation by a Party of any document, material or

3    information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES

4    ONLY" nor treatment by a Party of any such document, material or

5    information in conformity with such designation shall constitute

6    or be construed in any way as an admission or agreement by any

7    non-Designating Party that the designated disclosure constitutes

8    or contains any trade secret, propriety information or

9    Confidential Information.

10

11       **14.   Final Disposition of Action.**   Upon the final

12   disposition of this action, each Counsel of Record shall upon

13   request: (a) promptly return to Counsel of Record for the

14   Designating Party, at the expense of Designating Party all

15   documents and things designated "CONFIDENTIAL" or "CONFIDENTIAL –

16   ATTORNEYS' EYES ONLY" and all copies made of such documents and

17   things, including all electronic copies of documents stored on

18   databases maintained for discovery purposes; and (b) promptly

19   destroy or see to the destruction of all writings related to

20   Confidential Information, including but not limited to notes,

21   analyses, memoranda or reports provided to or by any other

22   persons, and certify to the Designating Party that such

23   destruction has been done.  As an exception to the above, Counsel

24   of Record may retain a single file copy of any document filed

25   with the Court, any written discovery response, a transcript of

26   any deposition testimony, together with all exhibits to that

27   transcript, and a database containing electronic copies of

28   documents designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS'

1   EYES ONLY." The copy of these retained documents shall continue
2   to be treated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS'
3   EYES ONLY" and Counsel of Record shall immediately notify
4   opposing Counsel of Record of any attempt by third parties to
5   inspect or copy said documents. The provisions of this paragraph shall not apply to any documents or exhibits filed with the Court.
6
7   **15. Motion for Relief from Designation.** If, after a
8   Party receives information designated "CONFIDENTIAL" or
9   "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by another Party, it
10  appears to the receiving Party that any such information is not
11  entitled to the protection afforded under this Order, such
12  receiving Party shall first notify Counsel of Record for the
13  Designating Party in writing, providing its reasons for
14  challenging the designation. If, after fifteen (15) calendar
15  days after such notice is given, the Parties have been unable to
16  reach an agreement as to whether the information should be
17  treated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES
18  ONLY," the receiving Party may bring a noticed motion to be
19  relieved of its obligations under this Order as to any such
20  information. The Designating Party shall bear the burden of
21  proving that any designating material contains information
22  entitled to the designated protection under the provisions of
23  this Order. Until such motion has been decided, the information
24  shall be treated as designated. Any motion pursuant to this
25  Paragraph 15 shall be made pursuant to Local Rule 37.
26  The terms and conditions in Paragraph 16 will not take effect unless and until the District Court expressly approves these terms and conditions.
27  **16. Survival of Terms.** Absent written modification by
28  the Parties or further order of the Court, the provisions of this

13

1   Order that restrict the disclosure and use of Confidential

2   Information shall survive the final disposition of this action

3   and continue to be binding on all persons subject to the terms of

4   this Order. However, no modification by the Parties shall have

5   the force or effect of a Court Order unless the Court approves

6   the modification.

7

8        **17. Effect on Discovery.** This Order shall not

9   preclude or limit the right of any Party to object to or resist

10   discovery on any ground which would otherwise be available.

11

12        **18. Order Binding When Signed.** This Order shall be

13   binding on the Parties when signed regardless of whether or when

14   the Court enters the Order.

15

16        **19. ~~Submitting to Jurisdiction of the Court.~~ ~~Counsel~~**

17   of Record and each person to whom Confidential Information is

18   disclosed pursuant to the terms of this Order shall be subject to

19   the *in personam* jurisdiction of the United States District Court

20   for the Central District of California, solely for the purpose of

21   addressing this Order, and not for purposes of general

22   jurisdiction, for the purpose of contempt proceedings or any

23   ~~other proceeding arising from this Order~~
( Exhibit A, at page 16, sufficiently addresses the issues raised in Paragraph 19.
Moreover, the Magistrate Judge does not have authority to approve many of the terms and
conditions of Paragraph 19.)

24

25        **20. Violation of Order.** In the event anyone shall

26   violate or threaten to violate any term of this Order, the

27   Parties agree that the aggrieved Party may immediately apply to

28   the District ~~this~~ Court in this action to seek relief against any such person

14

1    violating or threatening to violate any of the terms of this

2    Order.   The Parties and any other person subject to the terms of

3    this Order agree that this Court has jurisdiction of such person
      *the District*

4    or Party, for the purpose of enforcing this Order.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

1

**EXHIBIT "A"**

2

3

**CERTIFICATE OF ACKNOWLEDGEMENT OF PROTECTIVE ORDER**

4

5

    I, _____, declare that:

6

7

    I have been given a copy of and have read the

8

Stipulation for Protective Order entered in the case entitled:

9

Maria Nicotero v. Bank of America Corporation, et al., Case No.

10

CV07-6014-CAS (JCRx) (United States District Court, Central

11

District of California).  I agree to abide by the Protective

12

Order and not to reveal or otherwise communicate to anyone or

13

utilize any of the information designated "CONFIDENTIAL" and/or

14

"ATTORNEY'S EYES ONLY" that is disclosed to me except in

15

accordance with the terms of such Order.  I acknowledge that any

16

violation of the Protective Order may be punishable as Contempt

17

of Court or through monetary sanctions ordered by the Court, or

18

both, and agree to submit to the jurisdiction of the United

19

States District Court for the Central District of California for

20

all matters relative to such Protective Order.

21

22

23

24

AGREED AND ACKNOWLEDGED:

25

26

Dated: _____      _____

27

28

16